FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00250-BNB

MICHAEL MILLIGAN,

    Plaintiff,

v.

LOU ARCHULETA,
CHARLES SANCHEZ,
LANCE MIKLICH, and
KEVIN FURTON,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Michael Milligan, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility (CTCF) in Cañon City, Colorado. Mr. Milligan initiated this action by filing *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He asks for declaratory and injunctive relief and money damages.

    Mr. Milligan has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Milligan is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. **See** 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Milligan's filings liberally because he is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

In his first claim Mr. Milligan alleges that in April 2009 he was assigned to work for the CTCF's maintenance department plumbing crew. He further alleges that on September 24, 2010, Defendant Lou Archuleta, DOC assistant director, pulled his gate pass so he was unable to work in the maintenance department or access the areas in which the maintenance department was located. Mr. Milligan complains that Mr. Archuleta re-evaluated all CTCF inmates assigned to work in the maintenance department areas for their potential escape risk after an inmate at the Sterling correctional facility escaped on August 22, 2010, and that Mr. Milligan was designated as a potential escape risk. He contends his job in the maintenance department was not withdrawn but that he would not be allowed to return to work or the assigned work area until after an additional security perimeter fence was installed. He contends that his re-

2

evaluation as a potential escape risk violated his rights to equal protection under the Fourteenth Amendment.

Mr. Milligan's claim that he has not been treated the same as similarly situated CTCF inmates is without merit. It is not clear that Mr. Milligan is similarly situated to other CTCF maintenance department inmates evaluated for their potential escape risk. He does not specifically identify any similarly situated individuals; rather, he generally complains that he is being treated differently than inmates with higher custody levels, a prison escape history, longer sentences, or detainers from other states. These inmates do not appear to be similarly situated. Therefore, it is not clear that Mr. Milligan has been treated differently than any similarly situated individual. **See City of Cleburne, Tex. v. Cleburne Living Ctr.**, 473 U.S. 432, 439 (1985); **Penrod v. Zavaras**, 94 F.3d 1399, 1406 (10th Cir. 1996).

However, even if Mr. Milligan has been treated differently than other similarly situated inmates, the equal protection claim still fails. To prove an equal protection claim a plaintiff must demonstrate (i) that similarly situated individuals were treated differently; and (ii) either (a) differential treatment based on a suspect classification or fundamental right was not supported by a compelling governmental interest or (b) differential treatment not based on suspect classification or fundamental right was not justified by a rational connection to a legitimate state interest. **See Kleinsmith v. Shurtleff**, 571 F.3d 1033, 1047 (10th Cir. 2009); **see also Freeman v. Watkins**, No. 06-cv-00405-MSK-KMT, 2010 WL 1790427, *9-10 (D. Colo. May 4, 2010) (unpublished).

Because no fundamental right or suspect classification is alleged, Mr. Milligan must demonstrate that any distinction between himself and other similarly situated inmates was not reasonably related to some legitimate penological purpose. *See Penrod*, 94 F.3d at 1406; *see also Templeman*, 16 F.3d at 371. Mr. Milligan cannot state an arguable claim that there are no relevant differences between himself and other inmates that reasonably might account for any different treatment. *See id.* Therefore, the equal protection claim must be dismissed.

In his second claim Mr. Milligan contends that on November 9, 2010, Defendants Charles Sanchez, Lance, Miklich, and Kevin Furton, who comprise the CTCF job board, retaliated against him by withdrawing his plumbing job and placing him in the prison janitorial vocational school because he filed a grievance challenging Mr. Archuleta's actions re-evaluation of him as a potential escape risk. "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Based on Mr. Milligan's allegations it appears that the "but for" cause for the withdrawal of his plumbing job and placement in the prison janitorial school was not because he filed a grievance but because he was re-evaluated as a potential escape risk. In any case, Mr. Milligan does not have a constitutional right to employment. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Therefore, the retaliation claim must be dismissed.

4

Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) as legally frivolous.

DATED at Denver, Colorado, this __29th__ day of ____March____, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00250-BNB

Michael Milligan
Prisoner No. 42327
Colorado Territorial Correctional Facility
PO Box 1010
Canon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 30, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk