IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00250-BNB

MICHAEL MILLIGAN,

    Plaintiff,

v.

LOU ARCHULETA,
CHARLES SANCHEZ,
LANCE MIKLICH, and
KEVIN FURTON,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Michael Milligan, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility (CTCF) in Cañon City, Colorado.  Mr. Milligan initiated this action by filing *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He asked for declaratory and injunctive relief and money damages.  He has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

    In an order of March 30, 2011, the Court dismissed the complaint and the action pursuant to 28 U.S.C. § 1915(e)(2)(b) as legally frivolous.  Mr. Milligan appealed from the dismissal to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit), and the Tenth Circuit reversed the dismissal and remanded the case to this Court for further proceedings.  On November 23, 2011, the mandate was issued.  The Court has

reinstated the case and reassigned it to the *pro se* docket.

The Court must construe Mr. Milligan's filings liberally because he is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Milligan will be directed to file an amended complaint.

Mr. Milligan asserts two claims.  First, Mr. Milligan alleges that in April  2009 he was assigned to work for the CTCF's maintenance department plumbing crew.  He alleges that on September 24, 2010, Defendant Lou Archuleta, DOC assistant director, pulled his gate pass so he was unable to work in the maintenance department or access the areas in which the maintenance department was located.  He complains that Mr. Archuleta re-evaluated all CTCF inmates assigned to work in the maintenance department areas for their potential escape risk after an inmate escaped on August 22, 2010, and that Mr. Archuleta was designated as a potential escape risk.  He contends that his job in the maintenance department was not withdrawn but that he would not be allowed to return to work or the assigned work area until after an additional security perimeter fence was installed.  He contends that his re-evaluation as a potential escape risk and the pulling of his gate pass violated his rights to equal protection under the Fourteenth Amendment.

Second, Mr. Milligan contends that, on November 9, 2010,  Defendants Charles Sanchez, Lance, Miklich, and Kevin Furton, who comprise the CTCF job board, retaliated against him by withdrawing his plumbing job and placing him in the prison

janitorial vocational school after he filed a grievance challenging Mr. Archuleta's re-evaluation of him as a potential escape risk.

The Tenth Circuit, in its reversal, found with respect to Mr. Milligan's equal protection claim that "the complaint was deficient because it did not plead facts sufficient to show that Mr. Milligan's classification as an escape risk lacked a rational basis or a reasonable relation to a legitimate penological interest." *See* ECF No. 18 at 4. Mr. Milligan will be given the opportunity to file an amended complaint that complies with the Tenth Circuit opinion as to his equal protection claim. In the amended complaint, Mr. Milligan should reassert his retaliation claim if he intends to pursue that claim in this action.

Accordingly, it is

ORDERED that Plaintiff, Michael Milligan, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Milligan shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Milligan fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without

further notice.

DATED December 7, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge