IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00250-PAB-KLM

MICHAEL MILLIGAN,

      Plaintiff,

v.

LOU ARCHULETA,
CHARLES SANCHEZ,
LANCE MIKLICH, and
KEVIN FURTON,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on Plaintiff's Objection to Final Judgment [Docket No. 56], filed on March 5, 2013, and Plaintiff's Response to Minute Order and Combined Motion to Vacate Final Judgment and Motion for Leave to Amend Second Amended Complaint [Docket No. 58] filed on March 27, 2013 by plaintiff Michael Milligan.  The Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  However, the Court cannot act as a pro se litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I.  BACKGROUND

      As explained in the Recommendation of the United States Magistrate Judge (the "Recommendation"), Docket No. 53 at 1-3, this case is based on Mr. Milligan's

allegations that defendant Lou Archuleta, the Director of Offender Services for the

Colorado Department of Corrections ("CDOC"), violated the Equal Protection Clause of

the Fourteenth Amendment, as well as state laws against defamation, by classifying Mr.

Milligan as an escape risk on the basis of his race.  Mr. Milligan is a prisoner currently

incarcerated in the Colorado Territorial Correctional Facility of the CDOC.  Mr. Milligan

further alleges that defendants Charles Sanchez, Lance Miklich, and Kevin Furton,

CDOC employees who serve on the facility job board, took away his job and placed him

in a vocational janitorial training program in retaliation for filing a grievance against Mr.

Archuleta.  Docket No. 53 at 2-3.  In his second amended complaint, Mr. Milligan

sought a declaratory judgment against all defendants and money damages against Mr.

Archuleta.  Docket No. 41-1 at 13-14.

On January 30, 2013, United States Magistrate Judge Kristen L. Mix

recommended that the Court grant defendants' motion to dismiss Mr. Milligan's second

amended complaint on the basis that (1) the Court lacks subject matter jurisdiction over

Mr. Milligan's claims for declaratory relief; (2) Mr. Milligan failed to sufficiently allege that

Mr. Archuleta's decision to reclassify Mr. Milligan as an escape risk lacked a rational

basis or a reasonable relation to a legitimate penological interest; (3) Mr. Milligan failed

to allege that Mr. Archuleta's reclassification scheme was intended to target Mr. Milligan

on the basis of race; and (4) the Court should not exercise supplemental jurisdiction

over Mr. Milligan's remaining state law claims.  Docket No. 53.  On February 20, 2013,

having received no objections to the Recommendation from either party, the Court

reviewed it for clear error and, finding none, adopted it.  Docket No. 54.  Final judgment

entered against Mr. Milligan the same day.  Docket No. 55.

On March 5, 2013, Mr. Milligan filed objections to the final judgment, asserting that he did not receive the Recommendation until February 15, 2013, and was deprived of the requisite fourteen days in which to file a response when the Court ordered the case dismissed only five days later.  Docket No. 56 at 1; *see* FED. R. CIV. P. 72.  Mr. Milligan further stated that he was "in the process of obtaining a copy of the Offender Legal Mail Log for the Court to prove when he received the documents from the Court." *Id*.  He requested that the Court allow him ten days to provide the logs and that it vacate its entry of final judgment in the meantime.  *Id*.

On March 6, 2013, the Court issued a minute order construing Mr. Milligan's filing as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59.  Docket No. 57.  The Court granted Mr. Milligan additional time (through March 26, 2013) to gather evidence in support of his objection to the entry of judgment and to lodge his objections to the Recommendation.  *Id*.

On March 27, 2013, Mr. Milligan filed a response to the March 6, 2013 minute order, in which he reasserts his request to alter or amend the judgment on the basis that he was deprived of the statutory fourteen-day period to object to the magistrate judge's Recommendation.  Docket No. 58 at 2.  In addition, Mr. Milligan moves for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a) "so that he can correct those technical errors [identified in the Recommendation] and permit adjudication on the merits rather than dismissal on technical grounds."  Docket No. 58 at 2.  Mr. Milligan has submitted a proposed third amended complaint in conjunction with this motion.  Docket No. 58-1.

## II. DISCUSSION

Mr. Milligan requests that the Court vacate its final judgment and permit plaintiff to amend his complaint.  Docket No. 58 at 2.

"If a party seeks to amend a pleading following the court's grant of a motion to dismiss, the party must first move to reopen the case under Fed. R. Civ. P. 59(e) or 60(b) and then file a motion under Fed. R. Civ. P. 15 for leave to amend."  *Calderon v. Kan. Dep't of Soc. & Rehabilitation Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999).  "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  Such a motion is appropriate in the event of  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," and may be granted "where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  The decision to grant or deny a Rule 59 motion is committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Mr. Milligan requests that the Court amend its judgment on the basis that he received the Recommendation late and was deprived of sufficient time to respond prior to the Court's entry of judgment.  *See* Docket No. 56.  Taking into account the logistical challenges inherent in obtaining proof of the time at which the Recommendation reached Mr. Milligan in prison, and Mr. Milligan's diligence in prosecuting this case

throughout the course of the litigation, the Court finds there is no reason not to credit Mr. Milligan's assertion regarding the timing of service.  Thus, sufficient grounds exist to grant Mr. Milligan's motion to set aside the Court's judgment and consider his response to the Recommendation.  *See Servants of the Paraclete*, 204 F.3d at 1012.

Mr. Milligan does not offer substantive objections to the Recommendation.  *See generally*, Docket No. 58.  Instead, he seeks leave pursuant to Federal Rule of Civil Procedure 15(a) to amend his complaint to cure the technical defects motivating the dismissal of his claims.  Docket No. 58 at 2-3.

Under Rule 15(a), a plaintiff may amend his complaint once as a matter of course, within twenty-one days of serving it or within twenty-one days of a defendant's filing of an answer or motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). FED. R. CIV. P. 15(a)(1).   In "all other cases," amendment requires consent of the opposing party or leave of the court.  FED. R. CIV. P. 15(a)(2).  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a)(2).  In the Tenth Circuit, unexplained delay may be sufficient to deny a motion for leave to amend.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Prejudice arises when an amendment "unfairly affects the defendants in terms of preparing their defense to the amendment," for example, when an amendment would

5

add a claim based on entirely different subject matter.  *Id*. at 1208 (internal citations omitted).

In his proposed third amended complaint, Mr. Milligan does not allege any additional facts relevant to a determination that the reclassification scheme was irrational or that Mr. Archuleta impermissibly targeted Mr. Milligan on the basis of race. *Compare* Docket No. 58-1 at 4-7 *with* Docket No. 41-1 at 4-10.  Accordingly, it would be futile to permit Mr. Milligan to amend his complaint with respect to his claim that Mr. Archuleta violated his rights under the Fourteenth Amendment.  *See Foman*, 371 U.S. at 182.

Mr. Milligan also seeks to amend the damages section of his complaint to request punitive damages from defendants Sanchez, Miklich, and Furton.  Docket No. 58-1 at 11, ¶ E.  As the Court dismissed Mr. Milligan's claims against these defendants on the basis that he was seeking only a declaratory judgment over which the Court lacked jurisdiction, the proposed amendment would cure the noted defect and thus would not be futile.  *See* Docket No. 53 at 7-10.  Furthermore, the Court raised the issue of subject matter jurisdiction sua sponte, *see* Docket No. 53 at 3, and thus it is not the case that Mr. Milligan was made aware of this error, but chose to ignore it for an unreasonable length of time.  *See Foman*, 371 U.S. at 182.  There is no indication that permitting an amendment at this time would prejudice defendants, since the substance of Mr. Milligan's First Amendment claim has not changed and defendants have already developed relevant substantive arguments.  *See, e.g.*, Docket No. 44 at 9-12; *Minter*, 451 F.3d at 1206.  Finally, all the evidence suggests that the proposed amendment is a

good faith attempt to correct a technical error of which Mr. Milligan, a pro se plaintiff, was not previously aware.  Accordingly, the Court finds no reason to deny Mr. Milligan's motion to amend his complaint with respect to his First Amendment claim.[1]

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection to Final Judgment [Docket No. 56] is GRANTED.  It is further

**ORDERED** that the Order Accepting Magistrate Judge's Recommendation [Docket No. 54] and the Final Judgment [Docket No. 55] are VACATED and this case is reopened.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 53] is ACCEPTED in part.  It is accepted with respect to plaintiff Michael Milligan's claims under the Fourteenth Amendment.  It is not accepted with respect to Mr. Milligan's First Amendment and state law claims.  It is further

**ORDERED** that the Court accepts Mr. Milligan's Proposed Third Amended Complaint [Docket No. 58-1] with respect to his First Amendment and state law claims.


DATED May 1, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] As the Court is not dismissing all claims over which it has original jurisdiction, it will continue to exercise supplemental jurisdiction over Mr. Milligan's state law claims. *See* 28 U.S.C. § 1367(c)(3).