IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00250-PAB-KLM

MICHAEL MILLIGAN,

    Plaintiff,

v.

LOU ARCHULETA,
CHARLES SANCHEZ,
LANCE MIKLICH, and
KEVIN FURTON,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") filed on September 6, 2013 [Docket No. 65]. The magistrate judge recommends that the Court grant defendants' Motion to Dismiss Third Amended Complaint [Docket No. 61]. Plaintiff filed objections to the Recommendation on December 5, 2013. Docket No. 76.[1]

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any

---

[1] The Court previously accepted the Recommendation, having received no objection from plaintiff, see Docket No. 66, and the Clerk of the Court entered final judgment in this matter. See Docket No. 67. On October 16, 2013, plaintiff filed a motion to amend the Court's order accepting the Recommendation. Docket No. 68. Plaintiff represented that he did not receive notice of the Recommendation until after the final judgment had been entered. Id. at 1. The Court granted plaintiff's motion to alter or amend the judgment on November 1, 2013. Docket No. 69.

standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. ANALYSIS

At all relevant times, plaintiff was an inmate at the Colorado Territorial Correctional Facility ("CTCF"). The relevant facts are set forth in detail in the Recommendation, *see* Docket No. 65 at 1-3, and will not be recited here except as relevant to the Court's de novo review.

### A. First Amendment Retaliation Claim

Plaintiff objects to the Recommendation's finding that defendants Sanchez, Miklich, and Furton are entitled to qualified immunity because plaintiff failed to state a First Amendment retaliation claim. Docket No. 76 at 6.

"Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from

continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). The magistrate judge found that the third amended complaint did not satisfy the second or third elements of a retaliation claim. The Court addresses each of these findings in turn.

With respect to the second element, the magistrate judge found that plaintiff had not suffered a "chilling" injury because inmates do not have a constitutional right to employment. Docket No. 65 at 8. Plaintiff argues that the Tenth Circuit has already held that the magistrate judge's reasoning was in error in this case. Docket No. 76 at 6. The Court agrees. This matter was initially dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Docket No. 5. In reversing the order of dismissal, the Tenth Circuit held that "[t]he fact that Plaintiff does not have a constitutional right to employment . . . does not foreclose his retaliation claim arising from the loss of his prison job." *Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011) (citing *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000); *Frazier v. Dubois,* 922 F.2d 560, 561-62 (10th Cir. 1990)). The Court finds that termination of an inmate's employment is a sufficient injury to satisfy the second element of a First Amendment retaliation claim. *See Baker v. Williamson*, 2010 WL 1816656 at *6 (M.D. Pa. May 5, 2010) ("if [a plaintiff] is removed from a prison job for a retaliatory reason, he has a valid constitutional claim"); *see also Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997)

(reversing dismissal of First Amendment retaliation claim where inmate plaintiff alleged that he was terminated from employment in retaliation for protected activity).

Plaintiff also objects to the Recommendation's finding that the third amended complaint fails to satisfy the third element of a First Amendment retaliation claim because it contains no facts suggesting that defendants were motivated by retaliatory animus when they terminated plaintiff's employment. Docket No. 76 at 7. Plaintiff argues that the Recommendation holds him to a higher pleading standard than is required by Rule 8. *Id.* The Court disagrees.

Plaintiff's sole argument that the complaint sufficiently alleges causation is the temporal proximity between his grievance and his termination of employment. Plaintiff alleges that, after he was designated as a potential escape risk, he was told by his case manager that he would not lose his job in CTCF's maintenance department. Docket No. 60 at 6. Then, almost a month after plaintiff filed a Step One grievance challenging his designation as an escape risk, the facility job board (comprised of defendants Sanchez, Miklich, and Furton) terminated plaintiff's employment. *Id.*

The Court finds that plaintiff's allegations do not satisfy the causation element of a First Amendment retaliation claim. "[T]emporal proximity is insufficient, without more, to establish such [protected activity] as a substantial motivating factor" for a retaliation claim. *Maestas v. Segura*, 416 F.3d 1182, 1189 (10th Cir. 2005). "To establish a causal connection, plaintiff must show that the individual who took adverse action against him knew of [plaintiff's] protected activity." *Ostler v. Anderson*, 200 F. App'x 750, 752 (10th Cir. 2006) (affirming dismissal of retaliation claim where plaintiff "fail[ed]

4

to aver any facts indicating [defendant's] knowledge of his previous Title VII case");[2] *see also Carter v. Cnty. of San Diego*, 2013 WL 4028097 at *3 (S.D. Cal. Aug. 6, 2013) (dismissing First Amendment retaliation claim where "[p]laintiff does not allege any facts showing that [defendant] had any knowledge of her [protected] activities"); *Manago v. Gonzalez*, 2012 WL 6628902 at *6 (E.D. Cal. Dec. 19, 2012) ("mere allegations that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a defendant's actions").  Plaintiff alleges no facts that suggest that defendants Sanchez, Miklich, and Furton were aware of his Step One grievance or that they had any involvement in the grievance process.  Assuming that these defendants were aware of plaintiff's grievance would go beyond the "reasonable inferences" to which plaintiff is entitled on a Rule 12(b)(6) motion.  *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).  Accordingly, the Court finds that plaintiff has failed to satisfy the causation element of his First Amendment retaliation claim.

### B.  Supplemental Jurisdiction Over Plaintiff's State Law Claims

Plaintiff does not specifically object to the Recommendation that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims.  Instead, plaintiff argues only that, since the Recommendation's findings as to his First Amendment retaliation claim were erroneous, the Court must also reject this aspect of the Recommendation.  Docket No. 76 at 7.  Since the Court has independently found

---

[2] Although *Ostler* involved a Title VII retaliation claim, its reasoning applies equally to First Amendment retaliation claims.  *See Lauck v. Campbell Cnty.*, 627 F.3d 805, 816 (10th Cir. 2010).

that plaintiff has not stated a First Amendment retaliation claim, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (once "the bases for federal subject matter jurisdiction have been extinguished . . ., the district court may decline to exercise continuing pendent or supplemental jurisdiction over plaintiff's state claims").

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 65] is **ACCEPTED IN PART**. It is further

**ORDERED** that defendants' Motion to Dismiss Third Amended Complaint [Docket No. 61] is **GRANTED**. It is further

**ORDERED** that, within thirty days of entry of this order, plaintiff shall show cause why this case should not be dismissed in its entirety.

DATED December 31, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge